# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Imran Haroon Ansari,<br><br>    Petitioner,<br><br>v.<br><br>Albert Carter, *et al.*,<br><br>    Respondents. | No. CV-19-05636-PHX-JJT (MHB)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 47) submitted by United States Magistrate Judge Michelle H. Burns, recommending the Court deny the emergency Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 and Mandamus Declaratory and Injunctive Relief. (Doc. 1.) Petitioner timely (after grant of extension) filed Objections (Doc. 46), to which Respondents filed a Response. (Doc 47.) For the reasons set forth in Respondents' Response, the Court will overrule the Objections, adopt the R&R in whole and deny the Petition.

In Ground Three of his Petition, Petitioner claimed unlawful detention. Judge Burns correctly found that claim was mooted by Petitioner's own statement in his Reply to Respondents' Notice of Suggestion of Mootness that he was "not challenging the legality of Petitioner's detention," (Doc. 33 at 7) which finding Petitioner did not challenge in his Objections to the R&R.

In Ground One of the Petition, Petitioner argued that the Immigration and Nationality Act (INA) precludes Respondents from removing him because he is likely to

face persecution and torture if removed. And in Ground Two, he argues that the Fifth Amendment's Due Process Clause requires reopening of his removal proceedings to evaluate his eligibility for withholding of removal or asylum on the basis of changed country conditions. But both of these claims are "challenges to the procedure and substance of an agency determination that is inextricably linked to the order of removal." *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012). As Judge Burns noted, such challenges can only be brought through a petition for review to the appellate court. *Id*. at 622. This Court is without jurisdiction to address either ground as set forth in Claims One and Two.

Petitioner has asserted throughout the stages of this matter that, first Respondents, and then Judge Burns, failed to properly understand the gravamen of his claims. Upon review, this Court notes that is likely due to the lack of consistency of Petitioner's positions as set forth in successive filings. Indeed, the Court finds aspects of Petitioner's argument to be a moving target, which, once determined to be foreclosed by a provision of law, Petitioner has sought to "clarify" by untimely adding new issues. Emblematic of this is the "state created danger" assertion, which Petitioner did not plead in his Petition—and therefore did not give Respondents fair opportunity to consider before responding—and did not appear until he filed his Reply to Respondent's Suggestion of Mootness. (Doc. 33 at 9-10.) That is too late, and Judge Burns properly concluded Petitioner had not pled the claim.

IT IS ORDERED overruling Petitioner's Objections (Doc. 46).

IT IS FURTHER ORDERED adopting in whole the R&R submitted by Judge Burns in this matter (Doc. 41).

IT IS FURTHER ORDERED denying the Petition (Doc. 1). The Clerk of Court shall terminate this matter.

Dated this 24th day of August, 2020.

Honorable John J. Tuchi
United States District Judge